# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 09 CIV 3078 |
| LV EQUITY PARTNERS SBIC, L.P. | ) Receivership Order |
| Defendant. | ) |

**USDS SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 4/3/2009**

## CONSENT ORDER OF RECEIVERSHIP

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of LV Equity Partners SBIC, L.P. ("LV Equity"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of LV Equity ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of LV Equity's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of LV Equity under applicable state and federal law and by the Agreement of Limited Partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28

1

U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of LV Equity are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to LV Equity's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of LV Equity and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to LV Equity. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of LV Equity, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to LV Equity and all of LV Equity's assets and all other assets and property of the limited partnership, whether real or personal. CPR (USA) Inc., the manager of LV Equity, shall furnish a written statement within five (5) business days after the entry of this Order, listing the identity, location and estimated value of all assets of LV Equity, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of LV Equity, as well as the names, addresses and amounts of claims of all known creditors of LV Equity. Within thirty (30) days following the entry of this Order, CPR (USA) Inc., the manager of LV Equity, shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of LV Equity are hereby directed to turn such assets and property over to the Receiver.

2

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of LV Equity, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to LV Equity shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if LV Equity had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of LV Equity, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. LV Equity's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of LV Equity, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to LV Equity. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving LV Equity or any assets of LV Equity, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving LV Equity, the Receiver, or any of LV Equity's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings,

4

arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving LV Equity or any assets of LV Equity, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving LV Equity, the Receiver, or any of LV Equity's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of LV Equity against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8. LV Equity and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of LV Equity to the detriment of LV Equity or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

9. The Receiver is authorized to borrow on behalf of LV Equity, from the SBA, up to $500,000 and is authorized to cause LV Equity to issue Receiver's

Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of LV Equity, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of LV Equity.

10. This Court determines and adjudicates that SBA has made a sufficient showing that LV Equity has violated the Act and the Regulations, as alleged in the Complaint filed against LV Equity in the instant action, to obtain the relief so requested.

DATED this 3rd day of April, 2009.

_Paul R. Gardephe_
UNITED STATES DISTRICT COURT JUDGE

**SEEN, STIPULATED AND AGREED:**

LV Equity Partners SBIC, L.P., through its authorized representative CPR (USA) Inc.

By: _Kathleen M. S_
Kathleen Sweeney
Title: Vice President

Manager of LV Equity Partners SBIC, L.P.

Date: March 23, 2009

6